IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erika Jacobs, | No. CV-18-00479-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Mesa Police Department, | |
| Defendant. | |

Plaintiff Erika Jacobs (the "Plaintiff") filed suit against Mesa Police Department (the "Defendant") alleging multiple causes of action arising out of the alleged violation of her civil rights. (Doc. 1-1) The Defendant moves for summary judgment on each of the Plaintiff's claims (the "Motion"). (Doc. 28) The Motion was fully briefed on December 3, 2018. (Docs. 34, 36) Oral argument was not requested. The Court's ruling is as follows.

### I. Legal Standard

A court shall grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of

material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the movant is able to do such, the burden then shifts to the non-movant who, "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Cable v. City of Phoenix*, 647 F. App'x 780, 781 (9th Cir. 2016).

**II. Background**[1]

On January 15, 2018, the Plaintiff was crossing a street in downtown Mesa, Arizona. (Doc. 34 at 1; Doc. 29 at 2) The Plaintiff was stopped by police officer Nathan Boulter. (Doc. 29 at 2; Doc. 29-7 at 2) Officer Boulter issued a citation to the Plaintiff for violating A.R.S. § 28-646(A)(2), a statute prohibiting a person from crossing a street against a "Do Not Walk" signal. (Doc. 29 at 2) On April 11, 2018, the Plaintiff and the Defendant attended a civil traffic hearing before the Honorable Richard Garcia in the Municipal Court of the City of Mesa. (Doc. 29-4) At the civil traffic hearing, Judge Garcia ruled that the Plaintiff violated the statute by crossing the street against a "Do Not Walk" signal. (Doc. 29-4 at 38) Judge Garcia suspended the Plaintiff's fine pending her appeal of his decision. (Doc. 29-4 at 39) The Plaintiff appealed Judge Garcia's decision, but her appeal was dismissed for failure to pay the civil traffic appeal fee. (Doc. 28 at 3)

The Plaintiff initiated this lawsuit in the Maricopa County Superior Court, and the Defendant removed the case to this Court. (Doc. 1) The Plaintiff alleges that Officer Boulter issued her a citation based on her race, which is a violation of her civil rights under

---

[1] Unless otherwise noted, the facts that follow are undisputed.

2

various statutes. (Doc. 1-2) The Defendant filed the Motion seeking an award of summary judgment on each of the Plaintiff's claims. (Doc. 28)

**III.  Analysis**

The Defendant states that summary judgment is appropriate in this case because the Municipal Court of the City of Mesa already found the Plaintiff guilty of violating A.R.S. § 28-646(A)(2). (Doc. 28 at 5) Therefore, the Defendant argues that all of the Plaintiff's claims are barred under the doctrine of collateral estoppel and the *Heck v. Humphrey* precedent. (Doc. 28 at 5); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (stating "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments").

The doctrine of collateral estoppel, or issue preclusion, is "grounded on the premise that 'once an issue has been resolved in a prior proceeding, there is no further fact-finding function to be performed.'" *Wabakken v. California Dep't of Corr. & Rehab.*, 801 F.3d 1143, 1148 (9th Cir. 2015) (citing *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 864 (2010)). Collateral estoppel both "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy, by preventing needless litigation." *Id.*

Collateral estoppel bars "relitigation of an issue decided at a previous proceeding if (1) the issue necessarily decided at the previous [proceeding] is identical to the one which is sought to be relitigated; (2) the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior [proceeding]." *Wabakken*, 801 F.3d at 1148 (citing *People v. Carter*, 36 Cal. 4th 1215, 1240 (2005)). "[O]nly issues actually litigated in the initial action may be precluded from the second proceeding under the collateral estoppel doctrine." *Id.* "An issue is actually litigated [w]hen [it] is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." *Id.*

First, the Court notes that there are no genuine disputes as to the material facts in this case. In this case, each of the Plaintiff's claims arise out of the judgment against her

for crossing the street against the "Do Not Walk" sign.  This is the same issue as the one addressed at the Plaintiff's civil traffic hearing in the Municipal Court of the City of Mesa.  The Plaintiff's civil traffic hearing resulted in a judgment on the merits, as evidenced by the full transcript of the hearing provided to the Court. (Doc. 29-4)  At the hearing, Judge Garcia heard argument and received evidence on an identical dispute between the Plaintiff and the Defendant, and Judge Garcia issued a final judgment on the merits against the Plaintiff. (Doc. 29-4 at 39)  The Plaintiff's appeal of Judge Garcia's decision was dismissed for failure to pay fees, and Judge Garcia's judgment against the Plaintiff has not otherwise been reversed.  Finally, the Defendant is asserting collateral estoppel against the Plaintiff, who was party to the proceeding before the Municipal Court of the City of Mesa.  Therefore, the Court finds that the Motion should be granted as the Plaintiff is collaterally estopped from pursuing her claims against the Defendant due to the Municipal Court of the City of Mesa's prior judgment on these identical issues.

Accordingly,

1. **IT IS ORDERED** that the Defendant's Motion for Summary Judgment (Doc. 28) is **granted**; and

2. **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 27th day of August, 2019.

_____
Honorable Steven P. Logan
United States District Judge